*Platt, J.,
(dissenting.) 1 incline to the opinion that, so far as regards the debt and interest, the plaintiff is entitled to recover.
The letter of the defendant contains a promise to “ stand responsible” for the payment of the debt, at such time as his brother James and Mr. Walsh should agree on. Mr. Walsh did agree with his brother James to extend the credit for about a year; and James Hale gave the note accordingly. This extension of credit appears to have been given in consequence of, and in reliance upon, the letter of the defendant. The forbearance to sue is a valid consideration ; and that consideration is expressed in the letter.
The words “ if you please,” before the words “ I will stand responsible,” are mere expletives, and do not vary the legal import of the letter.
The contract of guaranty was consummated as soon as Mr. Walsh was pleased to accept the offer, and to act upon the faith of it; as the evidence clearly shows that he did.
It was like a letter of credit; and as if he had written, “ let my brother have goods, as you and he shall agree, and I will stand responsible, if you please.”
In neither case is it incumbent on the party receiving such guaranty to give notice that he has complied with the request. The law implies a privity and confidence between the surety and his principal; and the surety is bound to inquire, at his peril, whether the principal has contracted upon his credit, and to What extent.
In regard to the costs of the suits against James Hale, the plaintiff is not entitled to recover. That proceeding was altogether voluntary on the part of the plaintiff; he was not bound to sue the principal, in order to charge the surety. The guaranty was for the debt and interest only.
*121 I am, therefore, of opinion, that the plaintiff is entitled to judgment for the amount of the sealed note and interest, (a)
Judgment for the defendant.

 Ante, page 114, note. 16 Johns. Rep. 69, 70, notes.